## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHRIS GRISSOM AS PROPOSED REPRESENTATIVE OF THE ESTATE OF ALISHA D. GRISSOM, DECEASED, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ABBOTT LABORATORIES; ASTRAZENECA PHARMACEUTICALS LP; ASTRAZENECA LP; MERCK & CO., INC., D/B/A MERCK, SHARP & DOHME CORPORATION; PFIZER, INC.; TAKEDA PHARMACEUTICALS USA, INC.; TAKEDA PHARMACEUTICALS AMERICA, INC.; TAKEDA DEVELOPMENT CENTER AMERICAS, INC. F/K/A TAKEDA GLOBAL RESEARCH & DEVELOPMENT CENTER, INC.; TAKEDA PHARMACEUTICAL COMPANY LIMITED, | ) ) No. ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

### NOTICE OF REMOVAL

Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP[1], and Merck Sharp & Dohme Corporation, incorrectly named as Merck & Co., Inc. d/b/a Merck Sharp & Dohme Corporation (collectively, the "Removing Defendants") under 28 U.S.C. §§ 1332, 1441, and 1446, hereby file their Notice of Removal of this case from The Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. As grounds for removal, the Removing Defendants state:

### INTRODUCTION

1.      On May 31, 2019, Plaintiff filed a Complaint ("Complaint") in the Circuit Court of Cook County, Illinois, in an action entitled *Chris Grissom as Proposed Representative of the Estate of Alisha D. Grissom, Deceased v. AstraZeneca Pharmaceuticals LP, et al.,* Case No.

---

[1]   As set forth herein, Defendant AstraZeneca LP dissolved as a legal entity on December 31, 2018.

2019-L-006063.  A copy of the state court pleadings, including the Complaint, is attached hereto as Exhibit A.

2.      Plaintiff seeks damages as a result of alleged conduct by Defendants arising from Plaintiff-Decedent's alleged use of certain prescription and over the counter medications, known as proton pump inhibitors ("PPIs").  *See* Compl. ¶¶ 1, 3-5.  More specifically, the Complaint alleges that Plaintiff–Decedent took the PPI products Prilosec and Protonix from approximately November 2012 to December 2013, and that as a direct and proximate result thereof, Plaintiff-Decedent "suffered and was treated for Acute Kidney Injury ('AKI') in approximately January 2013 with related sequelae." *Id.* at ¶ 12.

3.      Plaintiff asserts a variety of theories of liability, including strict product liability (Count I), strict product liability - design defect (Count II), strict product liability – failure to warn (Count III), negligence (Count IV), negligence per se (Count V), negligence – failure to test (Count VI), breach of express warranty (Count VII), breach of implied warranty (Count VIII), negligent misrepresentation (Count IX), fraud and fraudulent misrepresentation (Count X), gross negligence (Count XI), fraudulent concealment (Count XII), and violation of consumer protection laws and deceptive trade practices (Count XIII).

### MULTIDISTRICT LITIGATION ("MDL") PROCEEDING

4.      This is one of thousands of cases that have been filed recently in both state and federal courts across the country involving PPI medications and allegations of kidney injury.  On August 2, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order directing that then-pending federal PPI-related cases be transferred and coordinated for pre-trial proceedings in a MDL in the United States District Court for the District of New Jersey, before the Honorable Claire C. Cecchi, pursuant to 28 U.S.C. § 1407.  *See* Transfer Order, *In re Proton-Pump Inhibitor Products Liability Litigation (No. II)*, MDL 2789 (D.N.J.), attached hereto as

Exhibit B. Additional PPI-related cases pending in federal court, which are common to the actions previously transferred to the District of New Jersey and assigned to Judge Cecchi, are treated as potential tag-along actions. *See id.*; *see also* Rules 7.1 and 7.2, R.P.J.P.M.L. (2016). The Removing Defendants intend to seek the transfer of this action to that MDL proceeding, *In re Proton-Pump Inhibitor Products Liability Litigation (No. II)*, MDL 2789, and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the Rules and Procedures of the JPML. As set forth below, the grounds for this removal arise from a tolling agreement overseen by the MDL judge in New Jersey. Motions based on that agreement are pending in the MDL and other PPI cases are being removed on the same grounds as this removal. Thus, for judicial economy and efficiency, removal of this matter and a stay of this proceeding pending MDL transfer is appropriate.

## THE NOTICE OF REMOVAL IS TIMELY

5. Plaintiff filed his Complaint on May 31, 2019. *See* Compl. Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP were served with a copy of the Complaint on June 27, 2019; Merck Sharp & Dohme Corporation, incorrectly named as Merck & Co., Inc. d/b/a Merck Sharp & Dohme Corporation, was served with a copy of the Complaint on June 26, 2019; and Defendant Pfizer, Inc. was served on June 30, 2019. Accordingly, removal is timely because this Notice of Removal is being filed within thirty (30) days of service on the last served defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based and, in any event, within one year of the commencement of this action as required by 28 U.S.C. § 1446(b). No previous application for removal has been made.

## BASIS FOR SUBJECT-MATTER JURISDICTION IN THIS COURT

**The Requisite Diversity of Citizenship is Satisfied.**

6.       As explained in further detail below, this Court has original jurisdiction under 28 U.S.C. § 1332(a) because complete diversity of citizenship between Plaintiff and each of the properly joined Defendants exists, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. As more fully set forth below, Defendants Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals America, Inc., and Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc. were fraudulently joined because there is no reasonable basis for the claims against them.[2]  As set forth in more detail below, under the Tolling Agreement entered in the PPI MDL proceeding, which also governs this action (*see infra*), Plaintiff was contractually required to provide, within seven (7) business days of the filing of this action (*i.e.*, June 11, 2019), evidence of use of each alleged PPI product.  Plaintiff failed to do so with respect to Defendants Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals America, Inc., and Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc.   Because Plaintiff was contractually required to produce evidence of use against these Defendants, but did not, there is no reasonable basis for a claim against Defendants Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals America, Inc., and Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc., the non-diverse in-state defendants.[3]

7.       Plaintiff is, and at the time of the filing of the Complaint was, a citizen of Illinois. *See* Compl. ¶ 12.

8.       Defendant AstraZeneca Pharmaceuticals LP is, and at the time of the filing of this action was, a Delaware limited partnership with its principal place of business in Delaware. Partnerships assume the citizenship of their general and limited partners. *See Carden v. Arkoma*

---

[2]    The Defendants also maintain that Takeda Pharmaceutical Company Limited, a Japanese entity, was fraudulently joined in this action.

[3]    Under the parties' agreement, such failure also subjects a case to dismissal. *See infra*.

*Assoc.*, 494 U.S. 185, 195 (U.S. 1990) (partnerships assume the citizenship of their general and limited partners). AstraZeneca Pharmaceuticals LP's general partner is, and at the time of the filing of this action was, AstraZeneca AB, a Swedish corporation with its principal place of business in Sweden. AstraZeneca Pharmaceuticals LP's sole limited partner is, and at the time of the filing of this action was, Zeneca Inc., a Delaware corporation with its principal place of business in Delaware. Thus, for purposes of determining diversity jurisdiction in this action, AstraZeneca Pharmaceuticals LP is deemed to be a citizen of Delaware and Sweden.

9. Defendant AstraZeneca LP dissolved as a legal entity on December 31, 2018. However, previously, AstraZeneca LP was a Delaware limited partnership with its sole partner as AstraZeneca Pharmaceuticals LP. Thus, its prior citizenship is irrelevant for purposes of this removal. In any event, AstraZeneca LP was deemed to be a citizen of Delaware and Sweden prior to its dissolution.

10. Defendant Merck Sharp & Dohme Corporation, incorrectly named as Merck & Co., Inc. d/b/a Merck, Sharp & Dohme Corporation, is, and at the time of the filing of this action was, a New Jersey corporation with its principal place of business located in New Jersey. It therefore is a citizen of New Jersey under 28 U.S.C. § 1332(c)(1).

11. Defendant Pfizer Inc. is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business in New York. It therefore is a citizen of Delaware and New York under 28 U.S.C. § 1332(c)(1).

12. Defendant Takeda Pharmaceuticals U.S.A., Inc., is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business in Illinois. It therefore is a citizen of Delaware and Illinois under 28 U.S.C. § 1332(c)(1).

13.     Defendant Takeda Pharmaceuticals America, Inc., is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business in Illinois.  It therefore is a citizen of Delaware and Illinois under 28 U.S.C. § 1332(c)(1).

14.     Defendant Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc., is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business in Illinois.  It therefore is a citizen of Delaware and Illinois under 28 U.S.C. § 1332(c)(1).

15.     Defendant Takeda Pharmaceutical Company Limited is, and at the time of the filing of this action was, a Japanese corporation having its principal place of business located in Japan.  It therefore is a citizen of Japan under 28 U.S.C. § 1332(c)(1).

16.     None of the properly joined Defendants is a citizen of Illinois, the state where Plaintiff is a citizen and the forum state.  Complete diversity of citizenship therefore exists between Plaintiff and the non-fraudulently joined Defendants under 28 U.S.C. § 1332(a).  Further, no properly joined Defendant is a citizen of Illinois, the forum state, and therefore 28 U.S.C. § 1441(b)(2) does not bar removal.

**The Diversity Defeating Defendants Were Fraudulently Joined**.

17.     It is well-established that in determining the propriety of removal, a court must disregard the presence of a defendant with respect to whom there is no "reasonable possibility that a state court would rule against the non-diverse defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *see also, Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).  Because there is no reasonable basis for a claim against Defendants Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals America, Inc., and Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc., the Court should disregard their presence and the requisite diversity of citizenship is satisfied.

6

18.    In the MDL proceeding, approximately 16,300 claimants, their respective counsel, and Defendants entered into a "Stipulation Regarding Tolling of Statutes of Limitations," dated June 26, 2018 (the "Tolling Agreement"; attached as Exhibit C). In the MDL, plaintiffs' counsel had been filing shotgun complaints without identifying the particular defendant or the particular PPI product allegedly causing plaintiff's injuries. Although defendants asserted that such pleadings lacked merit and should be dismissed, defendants acceded to the request of the MDL judge to allow plaintiffs nearly one year of additional time to determine which product was used and which defendant should be sued. As a safeguard to ensure that plaintiffs have a bona fide basis to sue a particular defendant, under the Tolling Agreement, the PPI claimants, including the instant Plaintiff Chris Grissom, as proposed representative of the estate of Alisha D. Grissom, deceased, who are identified on lists of tolled claimants, must:

> "Within 7 business days of filing a Complaint . . . provide to counsel of record for each Participating Defendant against whom the PPI Claimants have asserted claims specific evidence of use and proof of injury, as described below."

Ex. C, Tolling Agreement, ¶ 6(a). What is considered evidence of use and injury and how that evidence is supplied also was subject to lengthy negotiations and is specified in detail in the Tolling Agreement. Evidence of use must be a "[s]pecific pharmacy, insurance, medical or other reliable records demonstrating that the PPI User ingested a PPI manufactured or sold by [every named] Defendant." *Id.*, ¶ 6.a.i. An affidavit from the "PPI User" (not from an attorney or third party) may be supplied as evidence of use of a PPI if and only if it is by the PPI user and includes each of the following five requirements: "(1) the specific PPI(s) the PPI User took; (2) the approximate date(s) he or she took the PPI(s) (and dates of use for each PPI used, if more than one); (3) the pharmacy or other store where the PPI User obtained the PPI; (4) what efforts the PPI Claimant made to locate evidence of use and (5) the reason why, despite being unable to

7

locate supporting documentation, the Plaintiff believes s/he ingested the identified product." *Id.*

The parties stipulated that the Tolling Agreement requirements would apply to complaints filed

in state courts (*see generally* Tolling Agreement) and Plaintiff's counsel of record here is a

signatory to the Tolling Agreement.

19.     Plaintiff filed his Complaint on May 31, 2019 naming, *inter alia,* the following

diversity-destroying Defendants and their respective products:

   a.  Takeda Pharmaceuticals U.S.A., Inc. – Protonix

   b.  Takeda Pharmaceuticals America, Inc. – Protonix

   c.  Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc. – Protonix

The deadline under the parties' Stipulated Agreement to produce evidence of use expired June

11, 2019.  However, in contravention of the parties' contractual agreement, Plaintiff has failed to

provide any records establishing use of Protonix, the PPI product sold by Defendants Takeda

Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals America, Inc., and Takeda Development

Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc., the diversity

defeating Defendants.     Thus,  there  is  no  reasonable  basis  for  Plaintiff's  claims  against

Defendants Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals America, Inc., and

Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development

Center, Inc., and those Defendants were fraudulently joined.

20.     Moreover, under the plain language of the Tolling Agreement and relevant to the

instant fraudulent joinder, Plaintiff's failure to comply with the contractual obligation to provide

evidence of use subjects the action to dismissal, at the very least, dismissal of the claims against

the Defendants for whom evidence of use was not produced.   Tolling Agreement, ¶ 7(b)

("Immediate Dismissal") ("Any PPI Claimant who . . . did not satisfy the conditions required in

Paragraph 6 . . . is subject to an immediate motion to dismiss . . . .").  Because the Tolling

Agreement warrants dismissal of the claims against the Defendants with respect to whom

evidence of use was not produced, those Defendants have been fraudulently joined and should be

disregarded for removal purposes.  In the context of removal and determining fraudulent joinder,

which is exclusively a federal doctrine, and for purposes of consistency among federal courts

(and the federal common law) to further the purposes of the MDL statute (28 U.S.C. § 1407) as

set forth in paragraph 4, *supra*, this removal issue is for the MDL judge (Judge Cecchi), who

presided over the negotiation and stipulated entry of the Tolling Agreement in the MDL

proceeding.

**The Requisite Amount in Controversy Is Satisfied.**

21.    Plaintiff does not allege a specific amount in controversy in his Complaint.  In

Paragraph (a) of his prayer for relief, he seeks "compensatory damages in excess of $75,000,

including, but not limited to pain, suffering, discomfort, physical impairment, emotional distress,

loss of enjoyment of life, wrongful death and other noneconomic damages in an amount to be

determined at trial of this action." Compl. p. 81. The Complaint thus satisfies the amount in

controversy requirement based upon its demand for noneconomic damages alone.  In addition,

Plaintiff seeks an award of economic damages in the form of unspecified medical expenses, out

of pocket expenses, lost earnings and other economic damages (*Id.*), punitive and/or exemplary

damages (*Id.*), as well as attorney's fees (*Id.*,).  On its face, therefore, the amount in controversy

as to Plaintiff exceeds $75,000, exclusive of interest and costs.  *See Dart Cherokee Basin*

*Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("a defendant's notice of removal need

include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold"); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL

31059582, at \*8 (N.D. Miss. Aug. 29, 2002) ("unspecified claims for punitive damage

sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332").

22.     Moreover, Plaintiff alleges that Plaintiff-Decedent suffered and was treated for Acute Kidney Injury with related sequelae. *See* Complaint, ¶ 12(b).   In light of the severity of the allegations, the preponderance of the evidence demonstrates there is a reasonable possibility that the amount in controversy exceeds $75,000, exclusive of interest and costs.

23.     In addition, related complaints alleging similar injuries have been filed in federal court and seek in excess of the jurisdictional minimum for federal diversity jurisdiction. *See, e.g.*, *Wilkerson v. AstraZeneca Pharmaceuticals LP et al.*, 2:17-cv-00215-CCC-MF (D.N.J., January 11, 2017) at ¶¶ 17, 58 (alleging "Renal/Kidney Failure" and that "the amount in controversy exceeds $75,000 exclusive of interest and costs").   As noted above, these matters have been transferred to the *In re Proton-Pump Inhibitor Products Liability Litigation (No. II)*, MDL 2789 (D.N.J.), MDL proceeding and this case, as a related action, will be tagged and transferred accordingly as a "tag along" action.   Accordingly, the jurisdictional amount as required for original jurisdiction in this Court under 28 U.S.C. § 1332(b) is satisfied.

## PROCEDURAL REQUIREMENTS

24.     The Removing Defendants will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice with the Circuit Court of Cook County Clerk of Court, as required by 28 U.S.C. § 1446(d).

25.     Defendant Pfizer Inc. has consented to this removal, as shown below. Defendants Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals America, Inc., Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc., and Takeda Pharmaceutical Company Limited have been fraudulently joined and need not consent.

26.     The United States District Court for the Northern District of Illinois, Eastern Division, is the district court for the United States for the district and division embracing the place where the action is pending and has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

27.     If any question arises as to the propriety of the removal of this action, the Removing Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this action is properly removable.

28.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Removing Defendants' right to assert any defense or affirmative matter, including, without limitation, the defenses of (a) lack of jurisdiction over the person; (b) improper venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party(ies); (h) lack of standing; or (i) any other procedural or substantive defense available under state or federal law.

29.     The Removing Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, the Removing Defendants respectfully request that this cause be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446, and that this Court grant all other appropriate relief.

Respectfully submitted,

By: */s/ Heather L. Maly*
One of Their Attorneys
Isaac J. Colunga, Esq.
Heather L. Maly, Esq.
ICE MILLER LLP
200 W. Madison Street, Suite 3500
Chicago, IL 60606
(312) 726-1567
Email: Isaac.Colunga@icemiller.com
Email: Heather.Maly@icemiller.com
*Counsel for Defendants AstraZeneca*
*Pharmaceuticals LLP, AstraZeneca LP and Merck*
*& Co., Inc. dba Merck, Sharp & Dohme*
*Corporation*

12

## CONSENT TO REMOVAL

The undersigned Defendants, through counsel, hereby consent to this removal.

By: */s/ Amy M. Rubenstein*
      One of Their Attorneys
Amy M. Rubenstein, Esq.
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
(312) 368-4000
Email: Amy.Rubenstein@dlapiper.com
*Counsel for Defendants Pfizer, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served via electronic mail on the 2nd day of July, 2019, addressed to:

E. Samuel Geisler
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 E. Main Street, Suite 200
Pensacola, Florida 32502
SGeisler@awkolaw.com


Paul J. Pennock
Weitz & Luxenberg P.C.
700 Broadway
New York, New York 10003
ppennock@weitzlux.com


/s/ Heather L. Maly
Heather L. Maly

14

C\1355893.1